IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED
JUL - 8 2016
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| WALTER GREEN, III, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. |
| RENTGROW, INC. | : |
| | : 2:16cv421 |
| SERVE: Corporation Service Company | : |
| 84 State Street | : |
| Boston, Massachusetts 02109 | : |
| TRANS UNION, LLC | : |
| SERVE: Corporation Service Company | : |
| Bank of America Center, 16th Floor | : |
| 1111 East Main Street | : |
| Richmond, Virginia 23219 | : |
| Defendants. | : |

## COMPLAINT

Plaintiff, Walter Green, III, by counsel, states as follows for his complaint against the Defendants:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory, and punitive damages, costs, and attorney's fees brought pursuant to 15 U.S.C. § 1681, *et seq.* (the Fair Credit Reporting Act or "FCRA").

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681(p).

## PARTIES

3. Plaintiff is a natural person residing in Virginia, and at all times relevant to the Complaint was a "consumer" as defined by 15 U.S.C. §1681a(c).

4. Defendant Trans Union, LLC ("Trans Union") is a foreign limited liability company doing business in Virginia. At all times relevant hereto, it was a "credit reporting agency" as defined by the FCRA.

5. Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. §1681(f). It is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

6. Defendant RentGrow, Inc. ("RentGrow") is a foreign corporation doing business in Virginia. At all times relevant hereto, it was an "user" as defined by the FCRA

## FACTS

7. In April 2016, Plaintiff received an alert from his credit-monitoring service stating that Defendant RentGrow had received a copy of his Trans Union credit report on or around September 25, 2015.

8. Plaintiff immediately became extremely concerned that his personal information had been accessed by identity thieves.

9. Upon investigation, Plaintiff learned that Defendant RentGrow's access of his credit report was related to a rental application for an apartment complex located in Wisconsin.

10. Plaintiff does not live in Wisconsin, nor did he apply for an apartment there.

11. Plaintiff never gave Defendant RentGrow permission to access his credit report, nor did Defendant RentGrow have a permissible purpose under the FCRA to obtain the Plaintiff's credit reports in conjunction with this access of his credit report.

12. Additionally, Defendant Trans Union furnished the Plaintiff's credit report to Defendant RentGrow without a permissible purpose as provided by the FCRA and without maintaining reasonable procedures beyond just a mere blanket certification to ensure that RentGrow had a permissible purpose to obtain the Plaintiff's credit report.

### COUNT I:
### Violation of 15 U.S.C. § 1681b(f)
### Defendant RentGrow

13. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

14. Defendant RentGrow violated the Fair Credit Reporting Act, 15 U.S.C. § 1681b(f), by its actions, which include but are not limited to, obtaining and using the Plaintiff's consumer reports without a permissible purpose to do so.

15. As a result of Defendant RentGrow's conduct, actions, and inaction, the Plaintiff suffered actual damages, including a diminished credit score.

16. Defendant RentGrow's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

17. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorney's fees from Defendant RentGrow in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT II:
### Violation of 15 U.S.C. § 1681b
### Defendant Trans Union

18. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

19. Defendant Trans Union violated the Fair Credit Reporting Act, 15 U.S.C. § 1681b, by its actions, which include but are not limited to, providing the Plaintiff's consumer reports to an entity that lacked a FCRA permissible purpose.

20. As a result of Trans Union's conduct, actions, and inaction, the Plaintiff suffered actual damages, including a diminished credit score.

21. Trans Union's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

22. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT III:
### Violation of 15 U.S.C. § 1681e(a)
### Defendant Trans Union

23. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

24. Defendant Trans Union violated the Fair Credit Reporting Act, 15 U.S.C. § 1681e(a), by its actions, which include but are not limited to, failing to maintain reasonable procedures designed to limit the furnishing of consumer reports to the purposes listed under 15 U.S.C. § 1681b.

25. As a result of Trans Union's conduct, actions, and inaction, the Plaintiff suffered actual damages, including a diminished credit score.

26. Trans Union's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

27. The Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

WHEREFORE, the Plaintiff demands judgment for compensatory, statutory, and punitive damages against the Defendants; for his attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court deems just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**WALTER GREEN, III**

By: _____
Of Counsel

Matthew J. Erausquin, VSB No. 65434
Casey S. Nash, VSB No. 84261
*Counsel for the Plaintiff*
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel:   (703) 273-7770
Fax:   (888) 892-3512
matt@clalegal.com
casey@clalegal.com